## No. 27405

**The People of the State of Colorado v. Hugh Cornell, also known as Hugh Jan Cornell**

(572 P.2d 137)

Decided November 7, 1977. Opinion modified and as modified rehearing denied December 19, 1977.

212

J. E. Losavio, Jr., District Attorney, Warren T. Marshall, Deputy, Henry J. Geisel, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Terri L. Brake, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People appealed the trial court's dismissal of an indictment against Hugh Cornell, the appellee. We affirm.

On June 19, 1974, an indictment was returned in Pueblo District Court charging the appellee with aiding escape from a mental institution in violation of C.R.S. 1963, 1971 Perm. Supp., 40-8-201,[1] and conspiracy, in violation of C.R.S. 1963, 1971 Perm. Supp., 40-2-201.[2] The charges stemmed from an escape by ten patients from the Colorado State Hospital on June 7, 1974. The appellee was one of the escaping patients.

The appellee moved to dismiss and quash the bill of indictment. The trial court ordered dismissal and held that section 18-8-201.1, C.R.S. 1973 (1976 Supp.), was not intended to apply to the situation where a *patient* in a state mental institution aids the escape of another patient, as opposed to the situation where an *employee* of the institution aids the escape of a patient. The court noted that at the time of the alleged escape, it was not a crime for a patient to escape from a state mental

---

[1]Now section 18-8-201.1, C.R.S. 1973 (1976 Supp.), approved and effective February 13, 1974, which reads:
"Any person who intentionally aids the escape of a person who is an inmate of an institution for the care and treatment of the mentally ill and *who knows the person aided is confined in such institution pursuant to a commitment under article 8 of title 16, C.R.S. 1973,* commits the offense of aiding escape from a mental institution, which is a class 5 felony." (Emphasis added.)
[2]Now section 18-2-201, C.R.S. 1973.

institution even though the appellee allegedly cut a fence to get himself out, and nine other patients escaped with him. It is now a crime to escape from a mental institution.[3] The trial court felt that the People's construction of the statute was an indirect way of charging the appellee with the crime of escape. The trial judge in his order dismissing the indictment graphically analyzed the problem presented. His statement is adopted:

"Given the factual situation present in this case, distilled somewhat for purposes of illustration, of cutting the fence to escape, if patient 'A' escapes alone, he commits no offense. If 'A' cuts the fence to effect his own escape and thirty minutes later, 'B' goes through the hole, 'A' probably aided his escape since there can't be much question but what he intentionally cut the fence. If patients 'A' and 'B' escape together, 'A' commits no offense if 'B' cuts the fence, but 'B' can be charged under the people's theory. If they escape together and 'A' cuts the fence, 'B' commits no crime. If they escape together and each cuts part of the fence, neither can be charged with escaping, but both can be charged with aiding the other.

"The Court feels that if the statute here involved is applied as the people say it should be, it is essentially an indirect way of charging defendant with a crime for having escaped. It is also clear that if the statute is construed as the District Attorney contends, it does not apply equally to all under the same circumstances."

The legislature filled the gap left in section 18-8-201.1 with the passage of section 18-8-208(6),[4] thus enabling section 18-8-201.1 and the accountability statutes, section 18-1-601, et seq., C.R.S. 1973, to be applied to a patient of a state mental institution who aids another patient's escape. We hold, therefore, that the defendant, a patient committed to the Colorado State Hospital, was not, on June 7, 1974, one who aided within the contemplation of section 18-8-201.1.

The ruling of the trial court is affirmed.

---

[3]Section 18-8-208(6), C.R.S. 1973 (1976 Supp.), effective June 29, 1975, states: "A person who escapes confinement while being confined pursuant to a commitment under article 8 of title 16, C.R.S. 1973 [Criminal Proceedings, Code of Criminal Procedure: Insanity; Incompetency; Release]. . . ."

[4]Id.